UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CR-22-HAB |
| | ) | |
| MEREDITH L. FITZPATRICK | ) | |

**OPINION AND ORDER**

Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). It is undisputed that Defendant pointed the firearm at the mother of his children before using it in a shootout with a third party. Based on those undisputed facts the probation officer assessed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Defendant objects to that enhancement. His objection is now fully briefed (ECF Nos. 43, 46, 47) and ripe for ruling.

**I.     Factual Background**

The events here occurred in December 2021. Defendant placed a phone call to the mother of his children, J.W., despite there being a protective order in place barring such conduct. Defendant spoke to J.W.'s new boyfriend, and the two got into a verbal argument. Both threatened to kill each other.

At the end of the conversation Defendant went to J.W.'s apartment to retrieve his children. He parked his car and walked to the apartment, firearm in hand. Defendant saw J.W. leaving the apartment and walking toward a pickup truck. Defendant admits that he pointed the firearm at J.W. to scare her.

Defendant then returned to his vehicle and left the apartment complex. At the same time Defendant left, J.W. left the complex in her vehicle and the pickup truck also left the apartment complex. Defendant found himself behind the truck and, as the vehicles turned, the truck slowed.

An individual then fired at Defendant through the truck's passenger window. Defendant returned fire with the same firearm he had pointed at J.W. Spotting police vehicles, Defendant then threw the firearm out his car's window.

Defendant described the firearm to officers as a black Taurus G2 and admitted that it "was loaded with a full magazine prior to" the incident. (ECF No. 46-1 at 4). A loaded, black Taurus G2 was found at the location where Defendant admitted discarding his firearm.

## II. Legal Discussion

Section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines provides for a four-level increase in a defendant's base offense lever if he "used or possessed any firearm or ammunition in connection with another felony offense." "Another felony offense" means "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, cmt. 14(C). The Government must prove the applicability of the sentencing enhancement by a preponderance of the evidence. *United States v. Orozco*, 576 F.3d 745, 751 (7th Cir. 2009).

The Government argues that Defendant committed three felony offenses in connection with his possession of the Taurus: Pointing a Firearm at Another Person, Intimidation, and Criminal Recklessness, all Level 6 felonies. The parties have devoted extensive briefing to all three, but the Court concludes that the Pointing a Firearm offense is both clearly established and enough to support the enhancement.

Indiana Code § 35-47-4-3(b) provides that "[a] person who knowingly or intentionally points a firearm at another person commits a Level 6 felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." Defendant admits that he pointed a gun at J.W. but

2

argues "there is absolutely no evidence in the record that the gun was loaded *prior*" to Defendant pointing it at his children's mother. (ECF No. 46 at 5). The implication is that, perhaps, Defendant committed only a misdemeanor.

Simply put, Defendant's representation of the record is inaccurate. The written report containing Defendant's statement shows that Defendant's firearm "was loaded with a full magazine prior to" the incident. This is evidence, from Defendant's mouth, that the firearm was loaded when it was pointed at J.W. But even without Defendant's admission, every reasonable inference suggests that the firearm was loaded when pointed at J.W. An unbroken series of events after Defendant pointed the firearm had him return to his vehicle, drive away, and almost immediately get into a shootout with the Taurus as his weapon of choice. There is no discernable opportunity in this timeline for Defendant to load the firearm. Defendant does not represent that he loaded the firearm between pointing it at J.W. and firing it at the occupants of the truck. The Court finds, by a preponderance of the evidence, that Defendant pointed a loaded firearm at J.W. This was a Level 6 felony under Indiana law, supporting the enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

### III. Conclusion

For these reasons, Defendant's objection (ECF No. 39) is OVERRULED.

SO ORDERED on June 12, 2023.

          s/ Holly A. Brady  
          JUDGE HOLLY A. BRADY  
          UNITED STATES DISTRICT COURT